242

FRANK C. HUGHSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11294, 6690.   Promulgated January 26, 1928.

## OPINION.

LANSDON: It appears that for the year 1918 there was an overassessment in the amount of $6,378.16 in the tax which the petitioner paid and has since made the basis for a refund claim. In these circumstances the Board has no jurisdiction over such year. *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255; *Appeal of W. H. Morefield et al.*, 4 B. T. A. 394.

The record discloses that at the hearing counsel for the respondent admitted the alleged errors as to adjustment of inventories. It follows, therefore, that the petitioner's net income for each of the years 1919, 1920, and 1921 should be reduced in the respective amounts of $13,682.30, $4,496.76, and $7,345.04, and the tax liability of the petitioner for such years recomputed accordingly.

We are not convinced by the evidence that petitioner's accounts receivable in the amount of $2,675.40 were ascertained to be worthless in 1920 and that they were properly charged off as of that year. The expense item of $900 was incurred and accrued on the books of the petitioner in 1920. The petitioner's taxable income for such year, as determined by the respondent, should be reduced by the sum of $900 and his tax liability for such year recomputed accordingly.

The major contention of the petitioner is that the effect of the determination of the respondent is that he is required to pay tax on certain receipts from a Canadian corporation which in fact were not income but were payments on account of the liquidation of such corporation and were in fact a return of capital and therefore not taxable. Upon this issue the record is not sufficient for us to make any finding of fact upon which we can base a conclusion contrary to the determination of the respondent. The only evidence of the value of the petitioner's investment in the Canadian corporation is an entry on his ledger under the caption of Gilmour & Hughson, Ltd., which states that the value of such investment at March 1,

1913, was $489,375. There is nothing in the record to show whether this was an appraisal, a book value, or the fair market value of stock of the Canadian corporation owned at that time by the petitioner. Even if it were conceded that the amounts in question were distributions in liquidation, without the value of the petitioner's investment as of March 1, 1913, we are unable to determine whether the amounts received in 1920 and 1921 were taxable income or nontaxable returns of capital.

At the hearing it developed that much of the evidence necessary to sustain the petitioner's contention on the third issue is contained in the books and records of the Canadian corporation, which were not offered in evidence except a certified copy of the minutes of a certain meeting of the directors of that concern, which contains no matter of evidentiary value in the determination of the question here involved. Certain papers were offered and objected to by the respondent on account of insufficient identification and such objections were sustained. At the conclusion of the hearing counsel for the petitioner moved for a continuance of 30 days to enable him to secure admissible evidence from Canada. As the proceedings had been at issue for more than 14 months, this motion was denied. Later the petitioner filed a motion with the Board, asking for a reopening of the proceeding and a rehearing. Such motion is hereby denied.

*Judgment will be entered on 10 days' notice, under Rule 50.*

*F. O. Straight, C. P. A.,* for the petitioner.
*Arthur H. Murray, Esq.,* for the respondent.